IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00410-MR

| | |
|---|---|
| ROBERT LARRY LYTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| TAMARA S. LYN, ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1]. Petitioner has not paid the filing fee or filed an application to proceed *in forma pauperis*.[1]

I.   **BACKGROUND**

Petitioner is presently incarcerated at the Butner Federal Correctional Institution - Low in Butner, North Carolina. He was investigated by the Food and Drug Administration ("FDA") for marketing and selling unapproved and misbranded "QLaser" devices to consumers. After the FDA obtained an injunction against Petitioner's sale and marketing of the devices in the United

---

[1] The Court declines to issue a Notice of Deficiency at this time, as it has determined that this case should be transferred to the Eastern District of North Carolina.

States District Court for the District of South Dakota, Civil Case No. 5:14-cv-05075 (D.S.D.), the United States charged him in the District of South Dakota in an 18-count indictment that included charges of conspiracy, criminal contempt, mail fraud, wire fraud, and obstruction of agency proceedings, Criminal Case No. 17-cr-50020 (D.S.D.). Petitioner pleaded guilty to one count of conspiracy to introduce misbranded medical devices into interstate commerce with intent to defraud and mislead (Count One) and one count of criminal contempt (Count Two). The South Dakota District Court sentenced him to 60 months' imprisonment for Count One and 84 months' imprisonment for Count Two, to be served consecutively; imposed two years of supervised release; and imposed a total of $7,414,324.93 in restitution. [Criminal Case No. 17-cr-50020 (D.S.D.), Doc. 406: Second Amended Judgment]. The United States subsequently initiated a fraudulent transfer action to enforce the district court's order that Petitioner pay restitution in the criminal case, Civil Case No. 5:21-cv-0511 (D.S.D.), which is presently pending.

In 2019, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Arkansas, where he was incarcerated at that time. The Arkansas District Court dismissed the petition without prejudice, noting the well-established principal that "a collateral challenge to a federal conviction or sentence must generally

be raised in a motion to vacate filed in the sentencing court – here, the District of South Dakota – under 28 U.S.C. § 2255, not in a habeas petition filed in the court of incarceration … under 28 U.S.C. § 2241." Lytle v. Hendrix, No. 4:19-cv-00270-KGB, 2020 WL 1164942 (E.D. Ark. Mar. 9, 2020). The Arkansas District Court further noted that Petitioner was unable to invoke the so-called savings clause of 28 U.S.C. § 2255(e) and proceed in a § 2241 petition, unless he was able to show that § 2255 is inadequate or ineffective to test the legality of his detention. Id.

In the instant case, Petitioner again purports to seek a petition for writ of habeas corpus. He has named as the Respondent the warden of the prison where he is presently incarcerated. He seeks, among other things, his immediate release from custody. [Doc. 1].

## II. DISCUSSION

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Because Petitioner purports to seek a writ of habeas corpus and he has named his prison's warden as the sole Respondent, the Court construes this action as one filed under 28 U.S.C. § 2241. See generally Haines v.

Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

Section 2241 addresses challenges to the execution of a sentence and must be brought in the district of confinement. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."); see also United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available administrative remedies.").

The Court notes that it appears unlikely that the Petitioner will be able to proceed pursuant to § 2241, as the Petitioner proposes to do, for the same reasons expressed in the order dismissing his previous § 2241 action. That issue, however, is more appropriately considered by the United States

4

District Court for the Eastern District of North Carolina, where venue lies. This matter will therefore be transferred to the Eastern District of North Carolina where the Petitioner is presently incarcerated.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina.

The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Signed: August 26, 2021

Martin Reidinger
Chief United States District Judge